## Jacob B. Macomber *vs.* William P. Baker.

A mortgagee of personal property cannot sustain an action against an officer who has attached the same on two writs in favor of different plaintiffs against the mortgagor, if his demand for the payment of the money due to him was expressly limited to a single attachment.

Tort against a deputy sheriff for the conversion of a quan tity of pickles and other articles attached by him on two writs against William Macomber. Upon agreed facts, which are sufficiently stated in the opinion, judgment was rendered in the superior court for the plaintiff, with $532.10 damages; and the defendant appealed to this court.

*G. G. Hubbard,* for the defendant.

*R. Codman,* for the plaintiff.

Hoar, J. One point which is taken by the defendant, upon the agreed statement of facts, is conclusive against the right of the plaintiff to maintain his action; and we have therefore no occasion to consider any other. The plaintiff sues for the conversion of certain articles of personal property, of which he held a mortgage. The defendant, a deputy sheriff, attached the property upon two writs as the property of the mortgagor. The plaintiff made a demand upon the officer, containing a statement of the mortgage debt, but confined his demand exclusively to the attachment in the writ in which Elisha S. Converse was plaintiff. No demand was made by him in reference to the attachment upon the writ in favor of Joseph A. Veazie, and the defendant relies upon that writ for his justification. One of the attachments was made on the 13th day of June 1859, and the other on the 20th; and the demand was made on the 30th day of the same month.

In order to dissolve an attachment of mortgaged goods, the statute requires that the mortgagee shall state in writing a just and true account of the debt or demand for which the property is liable to him, and deliver it with a demand of payment to the attaching creditor or officer, and if the same is not paid or

tendered to him within ten days thereafter, the attachment is dissolved. Gen. Sts. *c.* 123, § 63. In *Wheeler* v. *Bacon,* 4 Gray, 550, it was held that, where there are successive attachments of the same property, each creditor has a right to a notice and demand of the mortgage debt, and to the full time of ten days allowed by law in which to pay it, before his attachment will be dissolved ; and that consequently a demand made previously to his attachment, although made upon the same officer who made the subsequent attachment, would not affect it. The same decision was made in *Howe* v. *Bartlett,* 1 Allen, 29. In each of these cases, the attachment was made subsequently to the demand relied on; and in *Wheeler* v. *Bacon* it was conceded by counsel that all attachments previous to the demand would be dissolved.

But we are of opinion that when the mortgagee expressly confines his notice and demand to a single attachment, and others exist to which no reference is made, the latter ought not to be affected. No direct notice is given to the attaching creditor, and the officer cannot be considered as the agent of one person to receive it, when he is expressly notified that it is made on account of an attachment made on behalf of another.

In the case at bar, the notice begins thus : " You will take notice that I hold a mortgage upon the property attached by you and removed from No. 199 Broad Street, Boston, as the property of William Macomber, on a writ wherein Elisha S. Converse of Boston is plaintiff, and said William Macomber of Boston is defendant, dated June 11, 1859, and returnable to the superior court of the county of Suffolk on the first Tuesday of July 1859 ; " and, after describing the debt or demands for which the mortgage is security, it concludes thus : " And in default of such indemnity and payment as aforesaid, I request you to remove said attachment from said property mortgaged as aforesaid according to law, and I shall hold you responsible for all damages to me by reason of the detention of said property." Upon such a notice, an officer would not feel himself called upon to notify any other attaching creditor than the one thus specially designated.

If the demand had been general, calling for the payment of the mortgage, but not upon any specific attachment, the case would have been different. Besides; it is always open to the mortgagee to call upon the officer to know by what precepts he undertakes to hold the property, and he has a right to have this information. And if, after a demand, and waiting the time prescribed by law, the property is not surrendered, nor the deb paid, it would seem to be the part of ordinary prudence to ascertain whether some other attachment had not been made, before commencing an action. Any hardship resulting to the mortgagee from the application of the principles we have stated must be regarded as incident to the nature of his interest in the property; which our statutes have changed materially from that which the mortgage would have given him at common law, and although in some respects made more beneficial, must yet be taken with its attendant burdens. *Judgment for the defendant.*